IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MICHAEL ALLEN KENNEY,

       Plaintiff,

v.                                      Case No. 2:19-cv-00021

LT. M.A. BURDETTE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant's Motion for Summary Judgment (ECF No 24) and Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 29). This matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636.  For reasons appearing to the court, the referral of this matter to the Magistrate Judge is **WITHDRAWN** and the undersigned will proceed to rule on the pending motions.

## I.  Procedural History

On January 7, 2019, while incarcerated at the South Central Regional Jail ("SCRJ"), Plaintiff filed a complaint alleging violations of his federal constitutional rights arising out of an alleged use of excessive force and denial of appropriate medical treatment during his arrest by Defendant for possession of a stolen vehicle, which he wrecked after fleeing from law enforcement.  [ECF No. 2].  On May 23, 2019, Plaintiff advised the court of a change of address to a street address in Hamlin,

West Virginia. [ECF No. 13].   On June 13, 2019, Magistrate Judge Tinsley entered an order and notice granting Plaintiff's application to proceed without prepayment of fees and costs. [ECF No. 14].   That order and notice further notified Plaintiff of his continuing obligation to advise the court and the opposing party of any changes in his contact information and that the failure to do so would result in the undersigned's recommendation of dismissal of this civil action under Rule 41(b) of the Federal Rules of Civil Procedure. [Id. at 3].

Thereafter, Plaintiff advised the court of two additional changes in his contact information.   First, on or about December 17, 2020, Plaintiff advised that he was again in custody at the Western Regional Jail.   [ECF No. 15].   Then, on or about May 4, 2021, Plaintiff advised that he had been transferred to the Martinsburg Correctional Center.   [ECF No. 17].   On August 26, 2021, while incarcerated at the Martinsburg Correctional Center ("MCC"), Plaintiff filed a motion for default judgment, which was ultimately denied because Defendant had not been served with process and, thus, had no obligation to respond to the complaint at that time. [ECF Nos. 18, 21 and 28].   Subsequently, a summons was issued for service on Defendant, who filed an answer to the complaint on December 17, 2021.   [ECF Nos. 19, 20, and 23].   Then, on December 28, 2021, Defendant filed the instant motion for summary judgment [ECF No. 24] and memorandum of law in support thereof [ECF No. 25].

On January 10, 2022, Magistrate Judge Tinsley entered an order and notice, pursuant to the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right and obligation to respond to Defendant's motion for

summary judgment and setting deadlines for such response and Defendant's reply. [ECF No. 26].   However, on February 4, 2022, the Plaintiff's service copy of that order and notice was returned as undeliverable, indicating that Plaintiff was no longer incarcerated at MCC and that no new address was available.   [ECF No. 27]. Because Plaintiff failed to provide the court or Defendant with updated contact information, the court could not re-mail the order and notice at that time.

When Plaintiff failed to respond to the motion for summary judgment by the January 31, 2022 deadline set by the court, Defendant filed the pending motion to dismiss the complaint pursuant to Rule 41(b) for failure to prosecute and a memorandum of law in support thereof. [ECF Nos. 29 and 30].   However, as the court has since determined, Plaintiff had been released from MCC by the time Defendant filed his motion for summary judgment and when Magistrate Judge Tinsley set the response and reply deadlines.   Therefore, it is apparent that Plaintiff never received any of those documents.

Through another pending matter filed by Plaintiff in this court, however, Magistrate Judge Tinsley learned that Plaintiff is apparently residing at the Hamlin, West Virginia address he previously provided.   Finding it in the interest of justice, the court served copies of Defendant's summary judgment motion documents on Plaintiff at his current address and set new deadlines for a response and reply thereto.   Plaintiff's new deadline for responding to the motion for summary judgment was March 16, 2022.   [ECF No. 31].  However, he has still not filed a response or communicated with the court in any way.

## II.     Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders and, unless otherwise ordered, such dismissal is considered to be on the merits. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976).   However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors:   (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).   "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Defendant's motion to dismiss asserts that Plaintiff's complaint should be dismissed under Rule 41(b) for failure to comply with the court's orders.   The undersigned agrees.   Despite the express warnings of the court, Plaintiff has failed to comply with the court's orders to update his contact information and has further failed to respond to the Defendant's motion as ordered by the court.   Accordingly, he

4

is solely responsible for the failure to prosecute this matter and dismissal is the appropriate sanction.

## III.   Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendant's Motion to Dismiss Complaint [ECF No. 29] is **GRANTED** and this matter is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.   Considering the dismissal of the complaint, it is further **ORDERED** that Defendant's Motion for Summary Judgment [ECF No. 24] is **DENIED AS MOOT**.   The Clerk is directed to remove this matter from the docket of the court.

The Clerk is direct to file this Memorandum Opinion and Order and to transmit a copy to counsel of record and any unrepresented party.

ENTER:      March 30, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE